*HERMAN* vs. *FLOOD & AL.*

APPEAL from the court of probates of the parish and city of New Orleans.

HERMAN
*vs.*
FLOOD & AL.

PORTER, J. delivered the opinion of the court. The plaintiff sued the defendants, as the executors of the late Wm. Flood, for a debt due by the testator, and prayed for judgment in the ordinary way,—and for such other relief as his case might authorise and require.

An executor is liable before the property of the estate is all administered, but the judgment ought not to be absolute, but that the plaintiff be paid in the due course of the administration.

The defendants pleaded—That they excepted to the institution of the suit, as the time had not expired for them to sell the estate, and settle their accounts; that they had no funds in their hands to pay the demand if due, which they denied: and lastly that the plaintiff had no right to bring suit.

The facts necessary to establish the liability of the succession were established; and the judge of probates gave judgment against the defendants in the ordinary form; that the plaintiff recover of them, the amount claimed in the petition, with interest and costs.

In this court the argument has been principally confined to the question, whether the creditor of a succession has a right to institute an action, for the purpose of having a

debt, which the executors refuse to acknow-
ledge, established by a judgment of the court.

One ground has been taken, however particular to this case; it is urged that it has not been proved that the executors refused to acknowledge the debt.

We think, however, there is proof of that fact, and the very highest of which the case is susceptible—the answer of the defendants in which they deny that the debt sued on is due.

On the main question presented for decision, there does not appear to us any difficulty. The defence of the defendants is, that until they are ready to pay, they cannot be compelled to liquidate any of the demands against the succession. There is no positive provision of our law to support this defence and the inconvenience of it is striking. The justice of the debt can be as well ascertained before, as after the representative of the estate, has funds to meet it; and it would be most oppressive to compel the creditor to wait the whole time the estate is settling; and then reduce him to the necessity of establishing his claim. In addition to the unnecessary delay, which such a practice would create; the total loss of the debt might sometimes ensue, by the death or

dispersion of the witnesses, by whom it could
be established.

The judgment in this case, however, goes too far ; it is absolute, and by its terms would authorise an execution to go instantly against the defendants. It appears to us that it should have ordered and directed that the debt be paid by the executors, in due course of administration.

It is therefore ordered, adjudged and decreed, that the judgment of the probate court, be annulled, avoided and reversed, and it is further ordered. adjudged and decreed, that the plaintiff be declared and considered creditor of the estate of Wm. Flood, deceased, for the sum of six thousand two hundred dollars, with interest from judicial demand, until paid, tho same to be paid by said executors, in due course of administration, and it is further ordered, adjudged and decreed, that the defendants pay the costs in the court of the first instance, and the plaintiff those of appeal.

*Eustis* for the plaintiff, *Hennen* for the defendants.